**Alvin MOSBY, Plaintiff–Appellant,**

v.

**NORWALK BOARD OF EDUCATION, Defendant–Appellee.**

No. 00–7520.

United States Court of Appeals,
Second Circuit.

Feb. 7, 2001.

Thomas W. Bucci, Willinger, Willinger & Bucci, P.C., Bridgeport, CT, for plaintiff-appellant.

Michael P. McKeon, Sullivan, Schoen, Campane & Connon, LLC, Hartford, CT, for defendant-appellee.

Present GRAAFEILAND, KATZMANN and KAPLAN,* Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Alvin Mosby appeals from the judgment of the district court (Burns, *Judge*), granting defendant Norwalk Board of Education's motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

In his Amended Complaint filed June 29, 1998, Mosby, an employee of the Norwalk Public Schools since 1987 and serving in the position of Custodian II at the Rowayton School when this action commenced, alleged that he had been denied promotion to the Head Custodian position at the Jefferson School in June 1997 because of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and other federal statutes. After the jury deadlocked at the trial of his Title VII claim in January 2000 (the other federal claims having been withdrawn), the trial judge granted defendant's motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. In an unpublished written opinion, the district court found that Mosby failed to satisfy the prima facie requirement that he was qualified for the position at issue because selection for that position was governed by the seniority provision of the pertinent collective bargaining agreement ("CBA"), and it was

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

undisputed that the position was awarded to the applicant—William Folsom—with the most seniority.

■ "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." Fed. R.Civ.P. 50(a). As the Supreme Court recently stated,

> Whether judgment as a matter of law is appropriate in a particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000).

■ Mosby admits that, following a practice employed in the majority of recent Head Custodian promotions, defendant could have awarded the Jefferson School position to the most senior applicant without conducting interviews. However, this procedure was not followed with respect to Jefferson School position. Instead, defendant chose to interview the two applicants with the most seniority, both of whom are white, without interviewing any minority applicants. Mosby argues that the fact that defendant chose to conduct interviews before filling the position shows that seniority was not the overriding criterion in this instance. Article XII of the CBA states the pertinent criteria for selection to be "ability, fitness, and seniority of the employee." Even though the position was ultimately given to the most senior applicant, Mosby contends that he established a prima facie case of discrimination because he contends that he was superior to Folsom in ability and fitness. The basis for this contention is that Folsom, unlike Mosby, had disciplinary problems in the past.

It is undisputed that Mosby is a member of a protected class and that he suffered an adverse employment decision. *See Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir.1999). However, on the basis of the evidence explored thoroughly in the briefs and at trial, we cannot infer discrimination from the circumstances surrounding the adverse employment decision suffered by Mosby. *See id.* (noting that the fourth element of a plaintiff's prima facie case is that the action occurred under circumstances giving rise to an inference of discrimination). It is undisputed that, *inter alia:* under Article XII of the CBA and as shown in prior promotion decisions, seniority is, at the very least, a very significant factor in promotions to custodial positions and the decisive factor when fitness and ability of the candidates are more or less equal; that eight of the previous ten promotions to Head Custodian in the Norwalk Public Schools were given to the most senior candidate, while with respect to the other two promotions, the most senior candidate had disciplinary problems at the time the promotion was being considered; that Folsom was Mosby's senior by over ten years; that while Folsom had disciplinary problems in the past, there were no such issues pending at the time he was being considered for the Jefferson school position; and that the other candidate interviewed for the Jefferson School position—Chris Russo—was also senior to Mosby and had a

record similar to Mosby's as far fitness and ability are concerned. Indeed, Mosby admitted that, had the Jefferson school position been awarded to him over Russo, Russo would have had a legitimate grievance under Article XII of the CBA.

In the face of this amply-supported and undisputed evidence, we cannot conclude that racial discrimination infected the promotion of Folsom, who had no disciplinary issues pending against him at the time at issue and who was ten years senior to both Mosby and Russo. Moreover, even assuming *arguendo* that Folsom's past disciplinary problem rendered his qualifications suspect, the undisputed evidence as to defendant's past promotion decisions and as to the seniority and other qualifications of the candidates indicates that Russo, and not Mosby, would have been promoted to Head Custodian of the Jefferson School.

This Court has held that a district court may properly grant a Rule 50 motion where "the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in [the opposing party's] favor." *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 161 (2d Cir.1998). Given the evidence recounted above and with Mosby having had a full opportunity to make his case at trial, a rational juror would have to resort to "sheer surmise and conjecture," *id.,* to conclude that Mosby was denied promotion to the Jefferson School position because of race discrimination.

We have considered all of Mosby's other arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.